IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

WILBERT THOMAS,                          :
                                         :      CIVIL ACTION NO. **1:CV-13-2290**
                                         :
                    Plaintiff            :      (Judge Jones)
                                         :
                    v.                   :      (Magistrate Judge Blewitt)
                                         :
                                         :
PENN WASTE, INC.,                        :
                                         :
                                         :
                    Defendant            :

## REPORT AND RECOMMENDATION

## I.    BACKGROUND.

On August 30, 2013, Plaintiff, Wilbert Thomas, a resident of Red Lion, York County, Pennsylvania, filed, *pro se*, the instant civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1). Plaintiffs also raises a claim under the Tucker Act, 28 U.S.C. § 1346(a)(2) and §1491(a)(1). Plaintiff filed Exhibits with his Complaint. (Doc. 1-2). Further, Plaintiff filed an *In Forma Pauperis* Motion. (Doc. 2). This Court has jurisdiction over this action based on 28 U.S.C. § 1331 and §1343(a).

In his 2-page handwritten form Complaint, Plaintiff names one Defendant, namely, Penn Waste, Inc., located at 85 Brickyard Road, York County, Pennsylvania. Plaintiff appears to claim that his Fifth Amendment due process right has been violated since Defendant obtained a Judgment against him in the amount of $265.82 in the Court of Common Pleas of York County, Pennsylvania, seemingly for the failure to Plaintiff to pay for garbage service provided by Defendant, and since Defendant has filed a Writ of Execution against Plaintiff leading to a Sheriff's Sale of Plaintiff's personal property on September 23, 2013, in order to satisfy the Judgment Defendant obtained

against Plaintiff in state court. (*See* Doc. 1-2). Plaintiff also appears to claim that he did not receive proper notice of the Sheriff's sale and that he does not owe money to Defendant since he "did not enlist service from [Defendant]." (Doc. 1, p. 2). Rather, Plaintiff states that he ordered service from York Waste. Thus, Plaintiff appears, in part, to challenge the validity of the York County Judgment which Defendant obtained against him in the amount of $265. 82. Plaintiff also cites to the Tucker Act but he does not specify a claim under this federal law. Nor does Plaintiff assert a contract claim against the United States. In fact, Plaintiff does not name the United States as a Defendant in this case.

Plaintiff attaches as Exhibit 1 to his Complaint a copy of an unsigned letter dated December 26, 2012, which he purportedly sent to Defendant stating that "your Penn Waste contract is withdrawal (sic), and service is no longer require (sic), ending the last quarter 2012." (Doc. 1-2, p. 1). As Exhibits 2 and 3 to his Complaint, Plaintiff submits a copy of the Notice of Filing Judgment filed on August 15, 2013, in the York County Court indicating that a Judgment in the amount of $265.82 was entered in favor of Defendant against Plaintiff and, and a document showing that Plaintiff was served with a copy of the Notice at his Red Lion residence. (*Id.*, pp. 2-3). As Exhibit 4 to his Complaint, Plaintiff submits a copy of the Sheriff's Sale Notice stating that a public sale of Plaintiff's personal property will occur on September 23, 2013, at Plaintiff 's Red Lion home in accordance with the Writ of Execution Defendant filed against him and in order to satisfy the Judgment Defendant obtained against Plaintiff in the York County Court. Plaintiff 's personal property which will be sold is listed in the Sheriff's Sale Notice. (*Id.*, pp. 4-7). Exhibit 5 to Plaintiff's Complaint is a copy of the Writ of Execution Defendant filed against Plaintiff directing

the York County Sheriff to garnish Plaintiff 's personal property in order to satisfy the Judgment Defendant obtained against Plaintiff in the York County Court as well as a copy of the Writ of Execution Notice dated August 15, 2013, advising Plaintiff, in part, that a Writ of Execution was issued against him since Defendant obtained a Judgment against him in York County Court, and that Plaintiff is entitled to certain exemptions of his personal property which cannot be sold. Plaintiff was also advised that he may have legal rights to prevent his property from being taken, and that if wished to exercise his rights, he must act promptly in York County Court. The Judgment amount Defendant obtained against Plaintiff was also itemized at the end of the Notice. (*Id.*, pp. 8-11).

As relief, Plaintiff requests this federal Court to issue an injunction cancelling the September 23, 2013 Sheriff's Sale of his personal property and, to halt the "theft" by Defendant and the York County Sheriff's Department. Plaintiff requests this Court to "issue a legal injunction against the criminal protector (sic)." Plaintiff also appears to seek this Court to declare that he does not owe Defendant "one red penny and [that] it should be criminal to have me have to pay [Defendant]." (Doc. 1, p. 2).

We find that to the extent that Plaintiff is seeking this Court to Order the arrest of unnamed individuals employed by Defendant and employees of the York County Sheriff's Department for theft of his property, this Court cannot grant as relief in the present case the initiation of any criminal prosecution. *See Concert v. Luzerne County Children and Youth Services*, 2008 WL 4753709, *3 (M.D. Pa. Oct. 29, 2008)("Criminal statutes do not generally provide a private cause of action nor basis for civil liability.")(citations omitted). Thus, "[t]his Court cannot compel either

3

state or federal prosecuting authorities to file criminal charges against the named Defendant" or against the the unnamed Lieutenant and Deputy Warden at LCCF. *Id*.

The Third Circuit has also held that a private person in a federal civil action could not impose criminal liability on a defendant because he lacked standing to do so. *See Conception v. Resnik*, 2005 WL 1791699, *2, 143 Fed. Appx. 422, 425-26 (3d Cir. 2005) (Non-Precedential). This Court has no authority to grant Plaintiff relief for the arrest of Defendant's employees or government officials with respect to alleged criminal conduct, *i.e.*, the theft of his property, in this federal civil action. *See Matthews v. Villella*, 2009 WL 311177, *2 (M.D. Pa.) aff'd., in relevant part, C.A. No. 09-1486 (3d Cir. 5-21-10); *Banks v. U.S. Attorney*, 2008 WL 3853307, *2. Thus, insofar as Plaintiff is seeking this Court to have people arrested for their alleged illegal behavior, these requests are subject to dismissal with prejudice. *See Ross v. Pennsylvania Bd. of Probation and Parole*, 2012 WL 3560819, *5 n. 3 (M.D. Pa August 16, 2012). Based on the foregoing, we find futility for the Court to allow Plaintiff to amend his Complaint with respect to his request for relief to have people arrested. *See Concert, supra*.

To date, Defendant has not yet been served with Plaintiff's Complaint. We must screen Plaintiff's Complaint as required by the PLRA, 28 U.S.C. §1915, and as such, we issue this Report and Recommendation ("R&R").[1] We will recommended that Plaintiff's *in forma pauperis* Motion (Doc. 2) be granted solely for the purpose of filing this action, and that Plaintiff's Complaint (Doc.

---

[1] The undersigned has been assigned this case for all pre-trial matters pursuant to 28 U.S.C. § 636(b)(1)(A).

4

1) be dismissed with prejudice.[2]

## II.    SCREENING OF PLAINTIFF'S COMPLAINT.

As stated, Plaintiff filed a Motion to Proceed *in forma pauperis* in this civil rights case.  (Doc. 2). We find that the Court should grant Plaintiff's Motion to Proceed *in forma pauperis,* pursuant to 28 U.S.C. §1915(a), solely for the purpose of filing this action.  Thus, we are obliged to screen Plaintiff's pleading under 28 U.S.C. §1915(e) even though he does not complain about prison conditions.  As the Court stated in *O'Connell v. Sobina*, 2008 WL 144199, *6 (W.D. Pa.), "Section 1915(e) (as amended) requires the federal courts to review complaints filed by persons that are proceeding *in forma pauperis* and to dismiss, at any time, any action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a Defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)." In *Palencar v. Cobler Realty Advisors*, Civil No. 09-0325, M.D. Pa., 7-24-09 slip op. pp. 5-6, the Court stated:

> Once it has been decided that a plaintiff should be accorded *in forma pauperis* status, the court then considers whether the complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B).  *Douris v. Huff*, 2008 U.S. App. LEXIS 467, 469 (3d Cir. 2007); *see also Douris v. Newtown Borough, Inc.* 207 Fed.Appx. 242 (3d Cir. 2006).  Section 1915(e)(2) provides:
> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that --
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal  - -
>     (i)    is frivolous or malicious;
>     (ii)   fails to state a claim on which relief may be granted;

---

[2]We note that in his *in forma pauperis* Motion (Doc. 2) Plaintiff indicates that he owns a house and has a mortgage of $120,000.  However, Plaintiff fails to state how much equity he has in his house.  We also note that Plaintiff states he owns a car but he does not provide the value of his car.

<blockquote>
or

(iii)    seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2). This statute "is designed largely to discourage the filing of, and waste of, judicial and private resources upon baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989) (stating that "[dismissals on these grounds are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering [frivolous] complaints"). While the original statute permitted sua sponte dismissal only if an action was frivolous or malicious, Congress included failure to state a claim and seeking monetary relief from a defendant immune from suit as additional grounds for sua sponte dismissal of *in forma pauperis* cases. *Jones v. Bock*, 127 S.Ct. 910, 920, 166 L.Ed.2d 798 (2007); § 1915(e)(2)(B) (2000 ed.); 28 U.S.C. § 1915(d)( (1994 ed.).
</blockquote>

*See also Wright v. Loftus*, Civil No. 09-1305, M.D. Pa., 11-20-09 Memorandum, p. 4; *Klatch-Maynard v. ENT Surgical Associates*, Civil No. 09-1963, M.D. Pa.

Thus, § 1915(a) obligates the Court to engage in a screening process when a person wishes to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. *See McCain v. Episcopal Hosp*., 350 Fed.Appx. at 604. Section 1915(e)(2) applies to all *in forma pauperis* complaints, and not just to prisoners. *See Grayson v. Mayview State Hosp*., 293 F3d 103, 110, n. 10 (3d Cir. 2002); *Lopez v. Smith*, 203 F. 3d 1122, 1129 (9th Cir. 2000); *Williams v. Marino,* Civil No. 03-0632, M.D. Pa. January 12, 2004, Memorandum and Order, p. 4.

The Court uses the same standard to screen a complaint under §1915(a) as it does for a Rule 12(b)(6) motion to dismiss. *See Matthews v. Villella*, 2009 WL 311177, *2 (M.D. Pa.).

## III. STANDARDS OF REVIEW.

### A. SECTION 1983 STANDARD

In a § 1983 civil rights action, the Plaintiff must prove the following two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct complained of deprived the Plaintiff of rights, privileges or immunities secured by the law or the Constitution of the United States. *Parratt v. Taylor*, 451 U.S. 527 (1981); *Kost v. Kozakiewicz*, 1 F. 3d 176, 184 (3d Cir. 1993); *Kaucher v. County of Bucks*, 455 F.3d at 423. Further, Section 1983 is not a source of substantive rights. Rather, it is a means to redress violations of federal law by state actors. *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002); *see also Holocheck v. Luzerne County Head Start, Inc.*, 385 F. Supp. 2d 491, 498-499 (M. D. Pa. 2005); *Slater v. Susquehanna County*, 613 F. Supp. 2d 653, 660 (M.D. Pa. 2009) (citations omitted); *Stankowski v. Farley*, 487 F. Supp. 2d 543, 550 (M.D. Pa. 2007) ("only those who act under color of state law are liable to suit under section 1983."). "In order to satisfy the second prong [of a §1983 civil rights action], a Defendant does not have to be a state official, but can also be held liable as a state actor." *Slater v. Susquehanna County*, 613 F. Supp. 2d at 660(citations omitted).

It is well-established that personal liability under section 1983 cannot be imposed upon a state official based on a theory of *respondeat superior*. *See, e.g., Rizzo v. Goode*, 423 U.S. 362 (1976); *Hampton v. Holmesburg Prison Officials*, 1546 F.2d 1077, 1082 (3d Cir. 1976); *Parratt, supra*. It is also well settled in the Third Circuit that personal involvement of defendants in alleged constitutional deprivations is a requirement in a § 1983 case and that a complaint must allege such

personal involvement. *Id.* Each named defendant must be shown, through the complaint's allegations, to have been personally involved in the events or occurrences upon which Plaintiff's claims are based. *Id.* As the Court stated in *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998):

> A defendant in a civil rights action must have personal involvement in the alleged wrongs . . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity. (Citations omitted).

A civil rights complaint must state time, place, and responsible persons. *Id.* Courts have also held that an allegation seeking to impose liability on a defendant based on supervisory status, without more, will not subject the official to section 1983 liability. *See Rode,* 845 F.2d at 1208.

**B.     MOTION TO DISMISS STANDARD**

In *Reisinger v. Luzerne County*, 712 F.Supp. 2d 332, 343-344 (M.D. Pa. 2010), the Court stated:

> The Third Circuit Court of Appeals recently set out the appropriate standard applicable to a motion to dismiss in light of the United States Supreme Court's decisions *Bell Atlantic Corp. v. Twombly,* 550 U.S. 433 (2007), and *Ashcroft v. Iqbal,* [556 U.S. 662], 129 S.Ct. 1937 (2009). "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true to 'state a claim that relief is plausible on its face.' " *Iqbal,* 129 S.Ct. at 1949 (citing *Twombly,* 550 U.S. at 570). The Court emphasized that "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950. Moreover, it continued, "[d]etermining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (citation omitted). *McTernan v. City of York,* 577 F.3d 521, 530 (3d Cir.2009). The Circuit Court discussed the effects of *Twombly* and *Iqbal* in detail and provided a road map for district courts presented with a motion to dismiss for

failure to state a claim in a case filed just a week before *McTernan, Fowler v. UPMC Shadyside,* 578 F.3d 203 (3d Cir.2009).

> [D]istrict courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [ *Iqbal,* 129 S.Ct. at 1949.] Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 1950. In other words, a complaint must do more than allege a plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See Philips [v. Co. of Allegheny],* 515 F.3d [224,] 234-35 [ (3d Cir.2008) ]. As the Supreme Court instructed in *Iqbal,* "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.' " *Iqbal,* 129 S.Ct. at 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*
> *Fowler,* 578 F.3d at 210-11.

> The Circuit Court's guidance makes clear that legal conclusions are not entitled to the same deference as well-pled facts. In other words, "the court is 'not bound to accept as true a legal conclusion couched as a factual allegation.' " Guirguis v. Movers Specialty Services, Inc., No. 09-1104, 2009 WL 3041992, at *2 (3d Cir. Sept. 24, 2009) (quoting *Twombly*, 550 U.S. at 555) (not precedential).

Because Plaintiff is proceeding *pro se* and has filed a Motion for Leave to Proceed *in forma pauperis,* which we will recommend the Court grant, we will now screen Plaintiff's Complaint in accordance with the aforementioned standards.

**IV.    DISCUSSION**.

Since Plaintiff has filed a *pro se* Complaint raising, in part, a constitutional claim, the Court is required to hold it to a less stringent standard.  *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594 (1972).    As mentioned, Plaintiff claims, in part, that his personal property is going be

taken from him in violation of the Fifth Amendment. (Doc. 1, p. 1).

Pursuant to 28 U.S.C. § 1915(e)(2)(B), in proceedings *in forma pauperis*, a court shall dismiss a claim if it determines that the claim "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *See Nelson v. Dauphin County* Prison, 2009 WL 4269087 (M.D. Pa.). As stated, while *pro se* litigants, such as Plaintiff, are accorded substantial deference in federal court, *Haines v. Kerner*, *supra*, *Hughes v. Rowe*, 449 U.S. 5 (1980), they are not free to ignore the Federal Rules of Civil Procedure.

Federal Rules of Civil Procedure 8(a)(2) requires that, in order to state a claim, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," which "give[s] the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. at 1959(citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Thus, "[a] party must state its claims ... in numbered paragraphs, each limited to a single set of circumstances" and, "if doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count . . . " Fed.R.Civ.P. 10(b).

Plaintiff Thomas' Complaint clearly does not meet the requirements of the Federal Rules of Civil Procedure as detailed above. Regardless, we now consider Plaintiff's Complaint and his federal claims.

Plaintiff essentially alleges that Defendant is violating his Fifth Amendment due process rights by seeking to have its $265.82 Judgment against him paid by selling his personal property at a York County Sheriff's Sale scheduled for September 23, 2013. Plaintiff states that Defendant is

going to sell his personal property "at a very low and unreasonable price." (Doc. 1, p. 2). Plaintiff alleges that he does not owe any money to Defendant and that he did not utilize Defendant's services since December 26, 2012. Plaintiff requests this federal Court to stop the Sheriff's Sale of his property, to issue an injunction against the "criminal [perpetrators]" and to prevent the "injudically (sic) theft" by Defendant and the York County Sheriff's Department of his property. Insofar as Plaintiff states that Defendant is taking his property in violation of his Fifth Amendment due process rights, he has no Fifth Amendment claim since there is no alleged involvement by a federal actor. *See Leventry v. Watts,* 2007 WL 1469038, *2 (W.D. Pa. 5-17-07); *Hammond v. City of Wilkes-Barre*, 2012 WL 3542277, *4 (M.D. Pa. Aug. 14, 1012)(due process claim under Fifth Amendment only applies to federal actors)(citing *Caldwell v. Beard*, 324 F.Appx 186, 189 (3d Cir. 2009)). Thus, Plaintiff's Fifth Amendment due process claim should be dismissed with prejudice. We find futility in allowing Plaintiff leave to amend his Fifth Amendment claim since there is no federal actor Defendant. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002)(*pro se* Complaints should not be dismissed without leave to amend unless "amendment would be inequitable or futile").

We also find that Plaintiff has failed to state any constitutional claim under §1983 since Defendant is not a state actor. Plaintiff appears to claim that his property is going to be sold even though he did not get timely notice of Defendant's Judgment against him and of the Sheriff's Sale. Thus, liberally construed, Plaintiff seems to allege a Fourteenth Amendment due process claim against Defendant Penn Waste under §1983.

We find that Defendant Penn Waste, Inc., a private company, should be dismissed since it is not a state agency liable to suit in a §1983 action.   Generally, a private company such as our Defendant is not a state agency.  *See Shirazi v. Palissery*, Civil No. 11-0141, M.D. Pa.; *Conway v. King Pharmaceuticals, Inc.*, 2008 WL 4128088, * 1 (M.D. Pa.)(A private company is not an appropriate defendant in a § 1983 civil rights action because it is not acting under color of state law.)(citations omitted); *Jacobowitz v. M&T Mortgage Corporation*, *372* Fed. Appx. at 227 (M&T Mortgage Corporation was not a state agency).  As such, Defendant Penn Waste is not a proper Defendant under §1983. *See Hagins, supra*; *Shirazi v. Palissery*, Civil No. 11-0141, M.D. Pa. Further, as discussed, Plaintiff's Complaint does not allege that Defendant Penn Waste was acting under color of state law.  Rather, it appears that Defendant Penn Waste was a private company which provided garbage service to Plaintiff at his Red Lion residence.

The Third Circuit has stated that there are two categories under which a private individual or company may be liable as a state actor for purposes of a § 1983 action.  *Leshko v. Servis*, 423 F. 3d 337, 340 (3d Cir. 2005).   The first category "involves an activity that is significantly encouraged by the state or in which the state acts as a joint participant. . . . The second category of cases involves an actor that is controlled by the state, performs a function delegated by the state, or is entwined with government policies or management."  *Id*.

In *Doe v. Allentown School Dist.*, 2007 WL 2814587, *8 (E.D. Pa. Sept. 21, 2007), the Court stated:

> LVH also argues that its employees did not act "under color of state law," as required by the statute.  42 U.S.C. § 1983. LVH is correct in noting that it is not a state agency, and that its status as a provider of services to the public, alone, is not sufficient to make it an actor under

color of state law. *Black v. Indiana Area Sch. Dist.,* 985 F.2d 707, 711 (3d Cir.1993) (school bus driver employed by private contractor did not act under color of state law when he assaulted students). The Third Circuit has noted, however, that there are two broadly-defined lines of "state action" cases that describe when a private party may be held accountable for a constitutional tort as a state actor. As the court stated: the first category involves an *activity* that is significantly encouraged by the state or in which the state acts as a joint participant ... The second category of cases involves an *actor* that is controlled by the state, performs a function delegated by the state, or is entwined with government policies or management. *Leshko v. Servis,* 423 F.3d 337, 340 (3d Cir.2005).

In the present case, Plaintiff Thomas indicates that he is suing Defendant Penn Waste since it has obtained a Judgment against him in the amount of $265.82 in the York County Court and since it is proceeding to execute on its Judgment by selling his personal property at a Sheriff's Sale even though he alleges that he terminated his contract with Defendant and does not owe it any money. Based on the above, we find that Plaintiff's allegations against Defendant Penn Waste do not fall under either of the two categories under which a private company may be liable as a state agency for purposes of a § 1983 action. Thus, we will recommend that Defendant Penn Waste be dismissed with prejudice since we find futility in allowing Plaintiff amend his claims under §1983 against this Defendant.

Additionally, even if Defendant Penn Waste is a state actor, and we find that it is not, Plaintiff has failed to state a Fourteenth Amendment procedural due process claim since he clearly has adequate post deprivation remedies available to him in York County Court as well as the state appellate courts. *See Hammond v. City of Wilkes-Barre*, 2012 WL 3542277, *3 (M.D. Pa. Aug. 14, 1012)(citations omitted).

Further, we find that Plaintiff has failed to state any claim against Defendant Penn Waste under the Tucker Act. "The Little Tucker Act is one of the few federal statutes that provides both jurisdiction and a waiver of sovereign immunity for contract actions against the United States, while also providing recourse in the Court of Federal Claims." *Brunwasser v. U.S.*, 2008 WL 5216253, *4 (W.D. Pa. Dec. 11, 2008)(citing *Licta v. United States Postal Serv.*, 33 F.3d 259, 263 (3d Cir. 1994)). The "'Big' Tucker Act grants jurisdiction to render judgment upon any claim of contract, express or implied, against the Untied States for claims exceeding $10,000 in value, 28 U.S.C. §1491(a)(1), ... ." *Id*. Plaintiff Thomas has neither a claim under the "Little" Tucker Act nor the "Big" Tucker Act since he does not state a contract action against the United States for any amount of money. Rather, as stated, Plaintiff Thomas only alleges that he terminated his contract with Defendant Penn Waste on December 26, 2012, and that does not owe it $265.82. Therefore, we will recommend that Plaintiff 's claim under the Tucker Act be dismissed with prejudice since we find futility in granting Plaintiff leave to amend this claim. *See Hercules Inc. v. U.S.*, 516 U.S. 417, 423, 116 S.Ct. 981 (1996)("The Tucker Act confers upon the court jurisdiction to hear and determine, *inter alia*, claims against the United States founded upon any 'express or implied' contract with the United States." (citing 28 U.S.C. §1491(a)).

We further find Plaintiff Thomas' requests for this federal Court to issue an injunction to stop the September 23, 2013 Sheriff's Sale of his personal property and to declare that he does not owe Defendant any money despite the York County Court's Judgment entered against Plaintiff and the York County Court Writ of Execution are precluded by the Anti-Injunction Act. Plaintiff admits, and his Exhibits show, that the York County Court issued a Judgment against him and in favor of

14

Defendant in the amount of $265.82, and the Judgment was filed on August 15, 2013.[3] Also, Defendant filed a Writ of Execution in York County Court on August 19, 2013, regarding its Judgment entered against Plaintiff. Pursuant to the Judgment and Writ of Execution, the York County Sheriff scheduled a sale of Plaintiff's personal property for September 23, 2013. (Doc. 1-2). Thus, Plaintiff's instant request for an injunction seeking to Stay the execution of Defendant's Judgment entered against him by the York County Court is barred pursuant to the Anti-Injunction Act, 28 U.S.C. § 2283. *See In re Madera*, 2008 WL 447497, *5 (E.D. Pa. 2-7-08); *Becker v. Evans*, 496 F. Supp. 20, 21 (M.D. Pa. 1980) ("State court proceedings to enforce a state court judgment have been found not to come within any of [the three exceptions of the Anti-Injunction Act], and therefore the district court lacks jurisdiction to issue the injunction [to stay the writ of execution on a state court judgment]."); *Clark v. U.S. Bank National Assoc.*, 2004 WL 1380166, *3 (E.D. Pa.) ("The Anti-Injunction Act simply does not allow federal courts to enjoin state court proceedings, including mortgage foreclosure actions, absent the application of an exception under the statute.") (citations omitted). *See also Conklin* v. *Anthou,* Civil No. 10-2501, M.D. Pa.; *Miller v. York County*, Civil No. 11-1451, M.D. Pa.

Additionally, notwithstanding the Anti-Injunction Act, we find that Plaintiff's constitutional claim, brought under §1983, against Defendant Penn Waste regarding its York County Judgment it obtained against Plaintiff is subject to dismissal based on the *Rooker-Feldman* doctrine, and the

---

[3]We note that the Court can consider Plaintiff's Exhibits even though his Complaint is being screened under the standard for a Motion to Dismiss since his claims are based on them and since they are public records. *See Pension Benefit Guarantee Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir.1993).

Pennsylvania preclusion doctrine. We find that Plaintiff's claims attacking the York County Court's Judgment against him and the Writ of Execution, and attacking Defendant's legal right to sell his personal property to satisfy the Court's Judgment, are barred by the *Rooker-Feldman* doctrine. *See Jacobowitz v. M&T Mortgage Corporation*, Civil No. 09-1332, M.D. Pa. 10-5-09, aff'd. 372 Fed. Appx. 225 (3d Cir. 3-24-10); *Klein v. U.S. Bank, N.A.*, 2010 WL 703255 (M.D. Pa. 2-25-10); *Klein v. U.S. Bank, N.A.*, Civil No. 10-1690, 2010 WL 5018881(M.D. Pa.) (12-3-10 Order); and *Donaven v. Keuerleber,* 2009 WL 761195 (3-19-09 M.D. Pa.).

Plaintiff basically alleges that Defendant 's conduct in the York County Court action against him to collect fees seemingly for garbage service at his Red Lion house amounted to violations of his civil rights, *i.e.* his Fourteenth Amendment procedural due process rights. We find that Plaintiff's constitutional claims are precluded by the *Rooker-Feldman* doctrine. *See Laychock v. Wells Fargo Home Mortg*., 2008 WL 2890962, *5 (E.D. Pa.). "[Plaintiffs'] constitutional deprivation depends on a finding the foreclosure was illegal. Such a finding requires deciding the state court was wrong in entering the ... mortgage foreclosure. *In re Knapper*, 407 F. 3d at 581(finding *Rooker-Feldman* precluded Knapper's due process attack on her state foreclosure judgment because federal relief would rely on a finding the state court ... judgment was 'improperly obtained'." *See also Jacobowitz v. M&T Mortgage Corporation*, *supra; Reisinger v. Luzerne County*, 2010 WL 1976821, *16 (M.D. Pa. 2-2-10), 712 F. Supp. 2d 332*; Keisling v. Renn*, 2010 WL 3984876 (M.D. Pa. 9-7-10) adopted by 2010 WL 3984813 (M.D. Pa. 10-12-10) affirmed by 425 Fed.Appx. 106 (3d Cir. 2011) cert. denied –U.S. –, 132 S.Ct. 383 (2011), reh. denied, –S.Ct.–, 2011 WL 6141426 (2011).

Also, we find the Third Circuit case of *Gage v. Wells Fargo Bank, NA*, 2011 WL 5357684 (3d

Cir. 11-8-11), to be directly on point with the instant case and with Plaintiff Thomas' request for injunctive relief seeking to overturn the York County Judgment Defendant obtained against him to cancel the September 23, 2013 Sheriff's Sale of his personal property.

In *Gage*, 2011 WL 5357684, *1, the Third Circuit stated the background of the case as follows:

> In February, 2011, Thomas I. Gage filed a pro se complaint in the United States District Court for the District of New Jersey against Wells Fargo Bank, N.A., and Sheriff Frank J. Provenzano, seeking to challenge a foreclosure judgment entered in state court and Wells Fargo's subsequent purchase of the foreclosed property. Gage claims that the foreclosure on his residential property was "criminal" and violated his federal rights.
> On August 8, 2011, while his complaint was pending, Gage was evicted from the property pursuant to a writ of possession issued by the New Jersey Superior Court. Gage then filed an "emergency motion" in the District Court on August 11, 2011, arguing that any action taken with respect to the foreclosed property is unlawful because, among other things, defendants have no jurisdiction while his federal complaint remains pending given that Gage requested a stay in his complaint of further action by defendants.
> By order entered September 9, 2011, the District Court denied Gage's emergency motion, and also granted Wells Fargo's motion to dismiss the claims against it as barred under the *Rooker–Feldman* doctrine and afforded Sheriff Provenzano time to respond to Gage's motion for default judgment. Gage appeals the September 9 order.

The Third Circuit Court in *Gage* stated that after the District Court denied Plaintiff Gage's emergency motion, Plaintiff filed an appeal seeking it to review his request, which was found to basically be for a preliminary injunction, "to prevent Defendants from taking further action with regard to the foreclosed property." *Id.*

The Third Circuit concluded in *Gage*, 2011 WL 5357684, *1, as follows:

> We conclude that the District Court properly denied Gage's injunction request. Gage has not shown that he is likely to succeed on the merits, and the District Court did not err in refusing to enjoin further action by

17

defendants in light of its dismissal of Gage's claims against Wells Fargo under the *Rooker–Feldman* doctrine. *See Lawrence v. Welch,* 531 F.3d 364, 371 (6th Cir.2008) (explaining that "claims seeking injunctive relief are barred by *Rooker–Feldman* if they necessarily require the federal court to determine that a state court judgment was erroneously entered"). Defendants here have acted pursuant to orders entered by the New Jersey courts. Our independent review of the complaint and Gage's other pleadings of record reveals no indication that his numerous, vaguely supported claims for relief are likely to result in a judgment on the merits in his favor. Nor has Gage satisfied the remaining factors for a preliminary
injunction.

Likewise, Plaintiff Thomas seeks this Court to prohibit Defendant from taking further action with regard to the Judgment it obtained against him from the York County Court and to invalidate the Writ of Execution Defendant filed against him and to prevent Defendant from having his personal property sold. As stated, Plaintiff clearly still has state court remedies available to him and he has time to pursue them since the Sheriff's Sale is not scheduled until September 23, 2013.

Another case which we find on point with the present case is *Reiter v. Washington Mut. Bank,* 2011 WL 2670949 (E.D. Pa. 7-5-11). In *Reiter,* the Court stated:

> Plaintiff seeks a temporary injunction to cease eviction proceedings against him. However, we find that we are unable to grant the relief requested in this Motion or in Plaintiff's Amended Complaint under the *Rooker–Feldman* doctrine. The *Rooker–Feldman* doctrine prevents "inferior" federal courts from sitting as appellate courts for state court judgments. *In re Knapper,* 407 F.3d 573, 580 (3d Cir.2005) (citing *Port Auth. Police Benevolent Assoc. Inc. v. Port Auth. of N.Y. and N.J. Police Dept.,* 973 F.2d 169, 173 (3d Cir.1992)). The doctrine takes its name from two Supreme Court cases, viz., *Rooker v. Fidelity Trust Co.,* 263 U.S. 412 (1923) and *D.C. Court of Appeals v. Feldman,* 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983). *Id.* at 580 n. 13. The *Rooker–Feldman* doctrine arises from 28 U.S.C. § 1257 which states in relevant part that "[f]inal judgments or decrees rendered by the highest court of a state in which a decision could be had, may be reviewed by the Supreme Court." *Id.* at 580. Since Congress has never conferred a

similar power of review of the United States District Courts, the Supreme Court has inferred that Congress did not intend to empower District Courts to review state court decisions. *Id*. The *Rooker–Feldman* doctrine prohibits District Courts from adjudicating actions in which the relief requested requires determining whether the state court's decision is wrong or voiding the state court's ruling. *Id*. Although § 1257 refers to orders and decrees of the highest state court, the *Rooker–Feldman* doctrine has been applied to final decisions of lower state courts. *Id*. Thus, a claim is barred by *Rooker–Feldman* under two circumstances; first, if the federal claim was actually litigated in state court prior to the filing of the federal action or, second, if the federal claim is inextricably intertwined with the state adjudication, meaning that federal relief can only be predicated upon a conviction that the state court was wrong. *Id*. In either case, *Rooker–Feldman* bars a litigant's federal claims and divests the District Court of subject matter jurisdiction over those claims.

2011 WL 2670949, *1.

The Court in *Reiter* concluded as follows:

> The Supreme Court has recently explained the parameters of *Rooker–Feldman* in *Exxon Mobil v. Saudi Basic Indust. Corp.,* 544 U.S. 280, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005). There, the court stated; "[t]he *Rooker–Feldman* doctrine [ ] ... is confined to cases ... brought by state-court losers complaining of ... state court judgments rendered before the [federal] proceedings commenced and inviting [federal court] review and rejection of those judgments. *Rooker–Feldman* does not otherwise ... allow federal courts to stay or dismiss proceedings in deference to state-court actions." 544 U.S. at 283–84.
>
> In this case, Plaintiff's challenge against the mortgage foreclosure was actually litigated in the Bucks County Court of Common Pleas prior to filing the federal court action and Plaintiff lost. Furthermore, Plaintiff's constitutional claims are inextricably intertwined with the state court adjudications.
>
> A federal claim is inextricably intertwined with an issue adjudicated by a state court when: (1) the federal court must determine that the state court judgment was erroneously entered in order to grant the requested relief, or (2) the federal court must take an action that would negate the state court's judgment ... In other words, *Rooker–Feldman* does not allow a plaintiff to seek relief that, if granted, would prevent a state court from enforcing its orders.

*In re Knapper,* 407 F.3d at 581 (citing *Walker v. Horn,* 385 F.3d 321, 330 (3d Cir.2004) (citations, internal quotations and ellipses omitted)). Here, Plaintiff

insists that the court erred in its judgment and demands that we "permanently and unambiguously overturn[ ] and strike[ ] from all records" the state court's decision. (Am. Compl. at 6.) Additionally, Plaintiff demands that we "immediately reverse" the foreclosure ordered by the state court. (*Id*.) The constitutional claims which Plaintiff raises succeed only to the extent that the state court wrongly decided the issues before it. The Third Circuit has held that these types of constitutional claims are prohibited by *Rooker–Feldman. See,* e.g. *Gulla v. North Strabane Twp.,* 146 F,3d 168, 171 (3d Cir.1998). Thus, Plaintiff asks us to determine that the state court judgment was erroneously entered into and to grant relief in the form of a temporary injunction that would prevent a state court from enforcing its orders. Under *Rooker–Feldman,* this is relief which we are without power to grant. Furthermore, since we are deprived of subject matter jurisdiction over Plaintiff's claims, we hereby dismiss this case.

2011 WL 2670949, *2(footnote omitted).

Thus, based on *Gage* and *Reiter*, we find that Plaintiff Thomas' requests for injunctive relief which would essentially overturn the York County Judgment Defendant obtained against Plaintiff should be dismissed with prejudice.  As discussed, we find that Plaintiff has remedies available in state court with respect to the Judgment and Writ of Execution Defendant  filed against him and, that he can seek appellate review in the Pennsylvania courts.   Moreover, Plaintiff is essentially seeking this federal Court to sit as an appellate court with respect to the York County Judgment entered against him which authorized Defendant to execute on it by selling Plaintiff's personal property.  This is precisely the fact scenario that is prohibited by the *Rooker- Feldman* doctrine.  *See In re Knapper*, 407 F.3d 573, 580 (3d Cir. 2005)*("*The *Rooker- Feldman* doctrine prevents 'inferior' federal courts from sitting as appellate courts for state court judgments.")(citation omitted).

Accordingly, for all of the above stated reasons, we will recommended that Plaintiff Thomas' Complaint **(Doc. 1)** be dismissed with prejudice.

## V.     RECOMMENDATION.

Based on the above, it is respectfully recommended that Plaintiff Thomas' Complaint **(Doc. 1)** be **DISMISSED WITH PREJUDICE**.     It is also recommended that Plaintiff's Motion to proceed *in forma pauperis* **(Doc. 2)** be **GRANTED SOLELY FOR THE PURPOSE OF FILING THIS ACTION.**     Further, it is recommended that this case be **CLOSED**.

s/ Thomas M. Blewitt
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: September 5, 2013**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILBERT THOMAS, | : | |
| | : | CIVIL ACTION NO. **1:CV-13-2290** |
| | : | |
| Plaintiff | : | (Judge Jones) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| | : | |
| PENN WASTE, INC., | : | |
| | : | |
| | : | |
| Defendant | : | |

## <u>NOTICE</u>

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing

**Report and Recommendation** dated **September 5, 2013**.

Any party may obtain a review of the Report and Recommendation pursuant to

Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings,
> recommendations or report addressing a motion or matter described in
> 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the
> disposition of a prisoner case or a habeas corpus petition within fourteen (14)
> days after being served with a copy thereof. Such party shall file
> with the clerk of court, and serve on the magistrate judge and all
> parties, written objections which shall specifically identify the
> portions of the proposed findings, recommendations or report to which
> objection is made and the basis for such objections. The briefing
> requirements set forth in Local Rule 72.2 shall apply. A judge shall
> make a *de novo* determination of those portions of the report or
> specified proposed findings or recommendations to which objection
> is made and may accept, reject, or modify, in whole or in part, the findings
> or recommendations made by the magistrate judge. The judge, however,
> need conduct a new hearing only in his or her discretion or where
> required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely Objections to the foregoing Report and Recommendation may constitute a waiver of any appellate rights.

s/ Thomas M. Blewitt
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: September 5, 2013**