IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILBERT THOMAS, | : | 1:13-cv-2290 |
| | : | |
| Plaintiff, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | Hon. Thomas M. Blewitt |
| PENN WASTE, INC., | : | |
| | : | |
| Defendant. | : | |

# **MEMORANDUM**

## **October 3, 2013**

## **THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

Before the Court is the Report and Recommendation ("R&R") of Magistrate Judge Thomas M. Blewitt (Doc. 4) filed on September 5, 2013 recommending that *pro se* Plaintiff Wilbert Thomas' ("Plaintiff" or "Thomas") complaint be dismissed with prejudice. Objections to the R&R were due by September 23, 2013, and to date none have been filed.[1] Accordingly, this matter is ripe for our review. For the reasons that follow, we shall adopt the R&R in its entirety.

---

[1] After the R&R was filed, Plaintiff filed documents self-styled as "Probable Couse (sic) of Action" and a brief in support. (Docs. 5 & 6). Neither of these documents contain objections to Magistrate Judge Blewitt's recommendations and therefore the R&R will be reviewed as if no objections have been filed.

1

I.  **STANDARD OF REVIEW**

When, as here, no objections are made to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report before accepting it. *Thomas v. Arn*, 474 U.S. 140, 149 (1985). According to the Third Circuit, however, "the better practice is to afford some level of review to dispositive legal issues raised by the report." *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987). "[T]he court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; *see also Henderson*, 812 F.2d at 878-79 (stating "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); *Tice v. Wilson*, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006); *Cruz v. Chater,* 990 F. Supp. 375-78 (M.D. Pa. 1998); *Oldrati v. Apfel,* 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998). The Court's examination of this case confirms the Magistrate Judge's determinations.

II.  **DISCUSSION**

In the instant matter, Magistrate Judge Blewitt recommends that this action be dismissed with prejudice due to Thomas' failure to state a claim upon which relief can be granted within his pleading. For the reasons that follow, we agree.

Naming Penn Waste, Inc. ("Penn Waste") as the Defendant in his pleading, Plaintiff alleges violations of his Fifth Amendment rights by that entity. These alleged violations stem from an unpaid bill which Penn Waste used to secure a judgment against Thomas. This judgment was entered in York County Court in the amount of $265.82. To satisfy this judgment, Penn Waste obtained a Writ of Execution and initiated a Sheriff's Sale. Thomas was properly served with notice of the Sheriff's Sale which was to occur on September 23, 2013.[2] Thomas then filed the instant action on August 30, 2013, alleging Penn Waste violated his Fifth Amendment rights by garnishing his personal property to satisfy the judgment.

As Magistrate Judge Blewitt explained, to maintain a civil rights action under § 1983, a plaintiff must allege that a state actor infringed on his or her rights while acting under the color of state law. *Parratt v. Taylor*, 451 U.S. 527 (1981). Penn Waste is a private corporation, not a state actor. There are no allegations that Penn Waste is partnered with or controlled by a state actor. *See Leshko v. Servis*, 423 F.3d 337, 340 (3d. Cir. 2005). As such, Plaintiff cannot maintain a § 1983 civil rights action against Penn Waste.

---

[2] We have no reason to believe the Sheriff's Sale did not occur on September 23, 2013. If the sale has occurred, Plaintiff's request for a preliminary injunction is moot. However, at this stage in the pleadings we must restrict our review to the contents of the complaint and therefore will continue our analysis under the assumption the request for injunctive relief is not moot.

Further, pursuant to the *Rooker-Feldman* doctrine, federal district courts lack the jurisdiction to review state court adjudications, where the plaintiff's alleged injuries were caused by the state court judgment. *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 416 (1923); *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983). Magistrate Judge Blewitt correctly notes that Plaintiff's complaint invites us to review and reject an adverse state court ruling. Pursuant to the dictates of *Rooker-Feldman,* we lack the ability to do so. Thus, dismissal of the Plaintiff's claims are warranted. *See Gage v. Wells Fargo Bank NA*, 450 F.App'x 121, 122-23 (3d Cir. 2011).

Finally, Magistrate Judge Blewitt found Plaintiff's request for injunctive relief to be untenable. Before preliminary injunctive relief can be granted, the moving party must demonstrate a likelihood of success on the merits. *308 Highway 35, Inc. v. Borough of Eatontown*, 90 F. App'x 633, 635 (3d Cir. 2004). Plaintiff has failed to demonstrate this necessary element as success on the merits because, simply put, he cannot maintain a civil rights action against Penn Waste.

As we have already mentioned, Plaintiff has not filed objections to this R&R. Because we agree with the sound reasoning that led the Magistrate Judge to the conclusions in the R&R, we will adopt the R&R in its entirety. With a mind towards conserving judicial resources, we will not rehash the reasoning of the

Magistrate Judge; rather, we will attach a copy of the R&R to this document, as it accurately reflects our consideration and resolution of the case *sub judice*.